878 F.2d 1430
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
CARBON FUEL COMPANY, Petitioner,
v.
Ralph SNYDER, Director, Office of Workers' Compensation
Programs, United States Department of Labor, Respondents.
 No. 88-1779.
 United States Court of Appeals, Fourth Circuit.
 Argued May 9, 1989.
Decided June 28, 1989.
 
 Douglas Allan Smoot (Jackson & Kelly on brief) for petitioner.
 Richard Zorn (Jerry G. Thorn, Acting Solicitor of Labor, Donald S. Shire, Associate Solicitor for Black Lung Benefits, Sylvia T. Kaser, Counsel for Appellate Litigation, U.S. Department of Labor, Office of the Solicitor on brief) for respondent.
 Before PHILLIPS and CHAPMAN, Circuit Judges, and KAUFMAN, Senior District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 This case involves a challenge to an award of black lung benefits to Ralph H. Snyder, a West Virginia coal miner. Petitioner, the Carbon Fuel Company, a former employer of Snyder, contends that the award was neither supported by substantial evidence nor adequately explained by the Administrative Law Judge. We affirm.
 
 
 2
 In order to recover black lung benefits the claimant must demonstrate that he is a coal miner, that he is totally disabled due to pneumoconiosis, and that his pneumoconiosis arose, at least in part, out of his employment in the nation's coal mines. 20 C.F.R. Part 718 (1988). There does not seem to be any disagreement that Snyder is a miner and that he suffers from pneumoconiosis that arose out of his mine employment. The only question is whether the pneumoconiosis is totally disabling. Although total disability can be demonstrated in a variety of ways, in this case the ALJ and the Benefits Review Board found that Snyder was entitled to the irrebuttable presumption of total disability created by 20 C.F.R. Sec. 718.304 because Snyder's medical evidence established not only simple pneumoconiosis, but "complicated pneumoconiosis," an advanced stage of the disease.
 
 
 3
 This court's review is limited to whether the decision is supported by substantial evidence. Prater v. Harris, 620 F.2d 1074, 1084 (4th Cir.1980). The medical evidence consists of six or seven x-rays taken between 1976 and 1982. A total of eleven physicians read the x-rays, although each physician generally read only one x-ray. Six of the eleven physicians diagnosed pneumoconiosis. Three of these physicians were Board-certified and were B-readers, that is, they had successfully completed a Department of Health and Human Services examination on the assessment of pneumoconiosis x-rays. Most pertinent to the finding of total disability, two of the physicians concluded that the x-rays required a diagnosis of complicated pneumoconiosis. One of these physicians was Board-certified and was a B-reader.
 
 
 4
 We cannot say, under the circumstances, that the finding of complicated pneumoconiosis was not supported by substantial evidence. It is fundamental that conflicts among medical opinions are to be resolved by the Secretary. This court may not engage in a reweighing of the evidence; we only consider whether there is sufficient evidence that a reasonable mind might accept as adequate to support the ALJ's conclusion. Prater, 620 F.2d at 1084. In this case there is substantial evidence to support the finding of complicated pneumoconiosis.
 
 
 5
 Finally, petitioner argues that the ALJ's decision did not adequately explain why he discounted the views of those physicians who did not diagnose complicated pneumoconiosis. The contention is based on the Administrative Procedure Act's requirement that the decision include "findings and conclusions, and the reasons or basis therefore, on all the material issues of fact, law, or discretion presented on the record." 5 U.S.C. Sec. 557(c)(3)(A). Yet, the ALJ's order did report each physician's diagnosis, and explicitly concluded that because of:
 
 
 6
 the seriousness of a diagnosis of complicated pneumoconiosis, the fact that complicated pneumoconiosis was diagnosed twice in this case (one of which was uncontradicted and the other was by a B-reader/Board Certified Radiologist); and the fact that the overwhelming weight of the x-ray evidence is positive for pneumoconiosis, I find that the Claimant has presented sufficient evidence to justify a finding of complicated pneumoconiosis.
 
 
 7
 These remarks are adequate.
 
 
 8
 For the reasons stated above, the award of benefits is affirmed.
 
 
 9
 AFFIRMED.